IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO IBRAHIM,<br><br>       Plaintiff,<br><br>   vs.<br><br>M. BITER, et al.,<br><br>       Defendants. | Case No. 1:11-cv-01265 JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (Doc. 6) Pending before the Court is Plaintiff's complaint filed on August 1, 2011. (Doc. 1)

**I.     SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United

1

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983.  To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation.  See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly, 550 U.S. at 555-57.  The complaint "must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570) (emphasis added).

**II.    THE COMPLAINT**

Plaintiff alleges that in June 2010, he was transferred to a hospital to be treated for a broken leg. (Doc. 1 at 3) Consequently, his belongings were boxed up and stored at Kern Valley State Prison, his usual place of incarceration, pending his return.  Id.  When he returned to KVSP two months later, the boxes of property were returned to him but, Plaintiff alleges, his TV was broken and he was missing several items of personal property.  Id.  As a result, Plaintiff filed numerous 602 inmate complaints and appeals.  Id. at 4, 6. In short, he alleges that his 602 submissions were improperly processed, rejected, cancelled and/or otherwise inappropriately evaluated.  Id at 6-13.

Notably, in this litigation Plaintiff does not seek damages for the alleged lost and/or damaged items. Instead, he identifies 13 causes of action which all relate to the improper processing of the 602 inmate grievances and appeals. (Doc. 1 at 13-18) Also, woven throughout each of the causes of action are claims of "reprisal" for filing the grievances. Id. at 14-18. The only fact alleged related to retaliation, however, is Plaintiff's allegation that his cell was searched on September 15, 2010 by correctional officers Acosta and Martinez. Id. at 12.

## III. DISCUSSION

### A. Inmate Appeals

Plaintiff appears to allege that Defendants improperly processed his inmate 602 grievances and appeals. However, it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). When a prison official fails to process or respond to an inmate's grievance, he does not, without more, commit a constitutional violation. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (prison grievance system is procedural and does not afford an inmate separate substantive rights). Accordingly, Plaintiff's allegations regarding his inmate appeals do not state a cognizable claim under § 1983.

### B. Retaliation

The causes of action are rife with assertions of some sort of unidentified "reprisal" for submitting the 602 inmate grievances and appeals. Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of retaliation entails five basic elements: (1) an assertion that a prison official took some adverse action against an inmate (2) because of (3) the inmate's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the adverse action did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

Here, Plaintiff's only factual allegation that relates in any fashion to retaliation is the assertion that his cell was searched on September 15, 2010. (Doc. 1 at 12) However, the mere fact that Plaintiff's cell was searched does not state a claim for retaliation. First, there are no facts alleged that the cell

3

search was related to Plaintiff's filing of 620 inmate grievances.  The fact that Plaintiff thinks it is so, doesn't make it so.  He must allege facts in this regard, not his mere conclusions.

Likewise, there is no showing that the alleged retaliation chilled Plaintiff's First Amendment rights in any way.  Instead, after the September 15, 2010 cell search, Plaintiff submitted numerous 602 grievances and appeals and continued to do so through at least, May 2011.  (Doc. 1 at 6-12) Finally, the evidence submitted with the complaint demonstrates that the items confiscated during the cell search were indeed contraband, including unauthorized pornography, razors, electronics, clothing and linens and that the cell contained an accumulation of trash. Id. at 86.  Thus, there is no showing that removal of these items was unrelated to a penological goal.  The fact that the officers could have allowed the items to be shipped home or returned to those from whom they were borrowed, does not support a claim that their actions were unrelated to prison goals.

Thus, Plaintiff's allegations regarding  retaliation are not based upon any factual support and, therefore, fail to state a cognizable claim.

**IV.    Leave to Amend**

Though the Court has grave concerns about Plaintiff's ability to cure the defects identified in this order, the Court will provide Plaintiff an opportunity to amend his pleadings to attempt to do so.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).  If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is advised also that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted)

///

**V.    CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted twenty-one (21) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is firmly cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **October 4, 2011**                                         /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE