1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MARCO IBRAHIM,                   )   Case No. 1:11-cv-01265 JLT (PC)
                                     )
12            Plaintiff,             )]  ORDER DISMISSING ACTION FOR
                                     )   FAILURE TO PROSECUTE
13       vs.                         )
                                     )
14  M. BITER, et al.,                )
                                     )
15            Defendants.            )
                                     )
16  _____  )

17  **I.      Background**

18          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

19  § 1983.  By order filed October 4, 2011, the Court dismissed Plaintiff's original complaint with twenty-

20  one days leave to amend.  (Doc. 9).  On October 27, 2011, Plaintiff filed a motion for a 60-day extension

21  of time to file an amended complaint.  (Doc. 10).  On November 1, 2011, the Court granted Plaintiff an

22  additional 21 days with which to file his amended complaint.  (Doc. 11.)  The Court cautioned Plaintiff

23  that failure to comply with the Court's order would result in the dismissal of the case.  (Id.)  The 21-day

24  expired and Plaintiff did not file an amended complaint or otherwise respond to the Court's November

25  1, 2011 order.

26          On December 8, 2011, the Court ordered Plaintiff to show cause why the matter should not be

27  dismissed based upon his failure to prosecute the action.  (Doc. 12)  The Court granted Plaintiff 14 days

28  to respond but he has not done so.  As a result, the Court will order the matter **DISMISSED**.

1

## II.   Failure to prosecute and obey the Court's orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.   Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiffs have failed to provide evidence the defendants have been served with this action, in spite of the necessity of service before the case may proceed.

Finally, the Court's warning to Plaintiffs that failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Plaintiff was warned repeatedly that his failure to comply with the

Court's order would result in dismissal.  (Doc. 9 at 5; Doc. 11 at 2)  In addition, in the Order to Show Cause, the Court warned that "Plaintiff is firmly cautioned that failure to comply with this order will result in the dismissal of this action." (Doc. 12 at 2)  Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's orders, and his failure to prosecute the action.  Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.   ORDER**

Based upon the foregoing, the Court **ORDERS** the matter **DISMISSED**.

IT IS SO ORDERED.

Dated:   **December 29, 2011**                                            **/s/ Jennifer L. Thurston**
                                                                                           UNITED STATES MAGISTRATE JUDGE